1
2
3
4
5
6                      **UNITED STATES DISTRICT COURT**
7                    **CENTRAL DISTRICT OF CALIFORNIA**
8
9    EMMANUEL GAISIE,                  )    NO. CV 11-8454 DDP (FMO)
10                     Petitioner,      )
11          v.                         )    **ORDER SUMMARILY DISMISSING**
                                        )    **PETITION FOR LACK OF JURISDICTION**
12   TERI GONZALEZ, Warden,            )
13                     Respondent.      )
                                        )
14   _____   )

15         On October 12, 2011, Emmanuel Gaisie ("petitioner") filed a Petition for Writ of Habeas

16   Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254.

17                            **PRIOR PROCEEDINGS**

18         On October 26, 1995, a Los Angeles County Superior Court jury convicted petitioner of first

19   degree murder and attempted murder (Cal. Penal Code §§ 187 & 664/187) in Case No.

20   KA023108. (Petition at 2). Petitioner states he was sentenced to 30 years to life in state prison.

21   (Id.).

22         On December 8, 1997, petitioner filed a habeas petition in this Court in Gaisie v. Roe, Case

23   No. CV 97-8994 DDP (BQR) ("Gaisie I"), challenging his conviction in Case No. KA023108.[1] On

24   December 4, 2000, this Court entered judgment denying and dismissing Gaisie I.

25   _____

26         [1]  Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own files and records
     in Gaisie I. See Shuttlesworth v. City of Birmingham, Ala., 394 U.S. 147, 157, 89 S.Ct. 935, 942
27   (1969) (federal court may properly take judicial notice of its own files and records); United States
     v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records
28   in other cases. . . .").

1     On January 7, 2005, petitioner, proceeding with counsel, filed a petition for writ of habeas

2  corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Case No. KA023108 (Gaisie

3  II).[2]  On January 31, 2005, the Court entered Judgment concluding Gaisie II was a second or

4  successive petition, and dismissing it without prejudice for lack of subject matter jurisdiction.

5                                    **DISCUSSION**

6     The present Petition is governed by the provisions of the Antiterrorism and Effective Death

7  Penalty Act of 1996 ("AEDPA").  AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part,

8  as follows:

9          (b)(1) A claim presented in a second or successive habeas corpus

10    application under section 2254 that was presented in a prior application shall be

11    dismissed.

12         (2) A claim presented in a second or successive habeas corpus application

13    under section 2254 that was not presented in a prior application shall be dismissed

14    unless –

15              (A) the applicant shows that the claim relies on a new rule of

16         constitutional law, made retroactive to cases on collateral review by

17         the Supreme Court, that was previously unavailable; or

18              (B)(I) the factual predicate for the claim could not have been

19         discovered previously through the exercise of due diligence; and [¶]

20         (ii) the facts underlying the claim, if proven and viewed in light of the

21         evidence as a whole, would be sufficient to establish by clear and

22         convincing evidence that, but for constitutional error, no reasonable

23         factfinder would have found the applicant guilty of the underlying

24         offense.

25

26

27

28     [2]  Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own files and records in Gaisie II.

1         (3)(A) Before a second or successive application permitted by this section is

2          filed in the district court, the applicant shall move in the appropriate court of appeals

3           for an order authorizing the district court to consider the application.

4  28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United

5  States District Courts ("Before presenting a second or successive petition, the petitioner must

6  obtain an order from the appropriate court of appeals authorizing the district court to consider the

7  petition. . . ."). In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States

8  District Courts provides that if it plainly appears from the face of the petition and any exhibits

9  annexed to it that the petitioner is not entitled to relief in the district court, the judge shall

10  summarily dismiss the petition.

11        The instant Petition is a second or successive petition challenging petitioner's conviction

12  and sentence in Los Angeles County Superior Court Case No. KA023108. See McNabb v. Yates,

13  576 F.3d 1028, 1029 (9th Cir. 2009) (per curiam) ("A habeas petition is second or successive .

14  . . if it raises claims that were or could have been adjudicated on the merits."). "If an application

15  is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing

16  it with the district court." Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010). There is no

17  indication in the record that petitioner has obtained permission from the Ninth Circuit Court of

18  Appeals to file a second or successive petition. "When the AEDPA is in play, the district court

19  may not, in the absence of proper authorization from the court of appeals, consider a second or

20  successive habeas application." Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per

21  curiam), cert. denied, 538 U.S. 984 (2003) (internal quotation marks and citation omitted); accord

22  Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 796 (2007) (per curiam). Because the

23  Petition is a "second or successive" petition, the Court lacks jurisdiction to consider the merits of

24  the Petition. See Magwood, 130 S.Ct. at 2796 ("[I]f [petitioner's] application [is] 'second or

25  successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain

26  the requisite authorization from the Court of Appeals."); accord Burton, 549 U.S. at 152-53, 127

27

28

1   S.Ct. at 796.  Accordingly, the Court will dismiss the Petition without prejudice to petitioner filing

2   a new action if and when he obtains permission to file a successive petition.[3]

3          Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without

4   prejudice for lack of jurisdiction.

5

6   DATED:  __May  29__, 2012.

7

8                                            _____

9                                                    DEAN D. PREGERSON
                                             UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27   [3]      If petitioner obtains permission to file a second petition, he should file a new petition for writ
     of habeas corpus.  He should not file an amended petition in this action or use the case number
28   from this action because the instant action is being closed today.  When petitioner files a new
     petition, the Court will give the petition a new case number.